# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

### No. 96-50437
### Summary Calendar
_____

LONNIE D. CLARK,

Plaintiff-Appellant,

versus

NORTH CENTRAL LIFE INSURANCE,

Defendant-Appellee.

_____

**Appeal from the United States District Court
for the Western District of Texas
(W-95-CV-47)**
_____

**May 22, 1997**

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Lonnie D. Clark pleaded guilty to mail fraud concerning misrepresentations he made to obtain insurance policies. His conviction was affirmed by this court. *United States v. Clark*, No. 94-10833 (5th Cir. 1995) (unpublished). Clark appeals from the dismissal, as frivolous, of this subsequent action against North Central Life Insurance Co. as frivolous. Clark contends generally that his federal constitutional rights were violated by North

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Central and that it violated Texas insurance and deceptive-trade-practices law regarding an insurance policy purchased by Clark.

Clark does not contend that the district court erred by holding his federal-law claims barred by **Heck v. Humphrey**, 512 U.S. 477 (1994). Clark has failed to brief the relevant issue for appeal regarding those claims. *See e.g.,* **Brinkmann v. Dallas County Deputy Sheriff Abner**, 813 F.2d 744, 748 (5th Cir. 1987) (court will not raise and discuss legal issues not asserted by appellant).

Moreover, Clark has not provided this court with a basis for finding that the policy on which this action is based is different from one on which his fraud conviction was based. Clark's federal fraud conviction and the facts underlying that conviction would serve as a successful defense against Clark's state-law claims. *See* **Koral Indus. v. Security-Connecticut Life Ins. Co.**, 802 S.W.2d 650, 651 (Tex. App. 1990). Accordingly, the dismissal of those claims as frivolous was not an abuse of discretion. *See* **Denton v. Hernandez**, 504 U.S. 25, 33 (1992). Clark's appeal is frivolous; accordingly, it is **DISMISSED**. *See* 5TH CIR. R. 42.2.

As we have done in a separate appeal by Clark decided contemporaneously with this appeal, **Clark v. MIC Life Ins. Co.**, No. 96-50444 (5th Cir. 1997) (unpublished), Clark is warned that any additional frivolous appeals filed by him, particularly appeals in which any of the insurance companies he pleaded guilty to defrauding are named as appellees, will invite the imposition of

sanctions.  We repeat that warning here, and caution Clark that, to avoid sanctions, he should review any pending appeals to ensure that they do not raise arguments that are frivolous.

*DISMISSED; SANCTIONS WARNING ISSUED*